J. A. COATES & SONS, LIMITED, Appellant, v. JAMES B. HURST, Respondent.

St. Louis Court of Appeals, February 25, 1896.

Sales: INSTRUCTIONS. The defendant in this cause ordered a shipment of needles from the plaintiff, this being the only dealing between them. The needles were shipped as ordered, but the bill of lading stated that the shipment consisted of notions. This appearing, the trial court declared by instruction that, under these facts, the defendant was under no obligation to receive the shipment. *Held*, that the instruction was incorrect.

*Appeal from the Barry Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED AND REMANDED.

*J. S. Plummer* and *Joseph French* for appellant.

*Pepper & Steele* for respondent.

ROMBAUER, P. J.—The plaintiff is a corporation engaged in the manufacture of needles, with its place of business in the city of New York; and the defendant is a merchant in Washburn, Missouri. The plaintiff, claiming to have sold to the defendant on his special order, in June, 1894, needles to the value of $108.66, brought this action for the recovery of the purchase price. The defendant claimed that he had never ordered the goods, and had returned them to plaintiff when they arrived in Washburn. The trial of the cause before a jury resulted in a verdict and judgment for the defendant, and the plaintiff appeals.

The assignment of errors relates to the giving and refusal of instructions, and to the refusal of the court to grant a new trial on the ground that the verdict was against the evidence. As the first complaint can not be understood without first detailing the evidence, we will examine these complaints in their inverse order.

The contract was one made by correspondence, and is evidenced by the defendant's admitted signature to the following documents:

*First* (letters from defendant to plaintiff):

"WASHBURN, Mo., June 8, 1894.
"*J. A. Coates & Sons, Limited.*

"Please put up for us, and ship by the cheapest way, your Patent Helix Needle Cards, with our adver-

VOL. 65 app—17

tisement printed in space below the goods for that purpose on each card, in the following sizes:

"Sharps, $\frac{250}{5}$ $\frac{250}{6}$ $\frac{250}{7}$ $\frac{250}{1-6}$ $\frac{500}{3-9}$ $\frac{250}{5-10}$

"J. B. Hurst Special Brand Needles, Dealer in General Merchandise, Washburn, Mo."

"June 8, 1894.

"*J. A. Coates & Sons, Limited,*
"*New York.*

"Please ship us by the cheapest way to town of Washburn, state of Missouri, the following goods: Your two drawer case, containing one great gross papers sewing machine needles for the leading sewing machines, two needles in each paper.

"Please put our advertisement on each paper as shown below.

"J. B. Hurst, dealer in cheapest general merchandise in Washburn, Mo."

*Second* (plaintiff to defendant):

"NEW YORK, June 11, 1894.

"*J. B. Hurst, Washburn, Mo.*

"DEAR SIR:—Your order for one and three-quarter thousand Patent Helix Needle Cards, also for one great gross papers sewing machine needles, to be put up as soon as we can prepare the goods with your special advertising matter printed on them. We read the advertisement as follows: On the needle cards:

"J. B. Hurst Special Brand Needles, Dealer in General Merchandise, Washburn, Mo."

And on the sewing machine needles as follows:

"J. B. Hurst, Dealer in Cheapest General Merchandise in Washburn, Mo."

"Please check this all over carefully, making any changes or corrections you desire, and, if O. K., sign and return to us in the inclosed stamped envelope, and

we will proceed with your order. Thanking you for the favor, we are,

"Yours Respy.,
"J. O. COATES & SONS, Litd."

"I have checked this all over carefully, and find it correct in every particular.

"June 14, 1894.        J. B. HURST."

It appeared by uncontroverted evidence that the plaintiff caused the needles ordered to be put up in packages containing the defendant's advertisements as hereinabove directed, which were put by the plaintiff on every package. This made the merchandise specially valuable to the defendant, but unmarketable in plaintiff's general market. Having so put up the merchandise, the plaintiff shipped it to the defendant to Washburn, Missouri, billed as notions. The defendant refused to receive it, claiming that he had ordered *one thousand seven hundred and fifty needles* and not *one thousand, seven hundred and fifty cards of needles*, and *one gross* of sewing machine needles and not *one great gross* of such needles. In support of this contention the defendant introduced *hand made copies* of letters which he claimed to have written to the plaintiff on June 8, but failed to explain why he did not protest against the plaintiff's version of the contract contained in its letter to him, of date June 11, which he admits he received, examined and returned with his approval, or how he expected to have his advertisements to be printed on the needles, or how he expected the plaintiff to go to the expense of two engraved advertisements to fill an order, which, according to his version, amounted only to $7.01.

The foregoing statement of the evidence demonstrates that the court erred in refusing to vacate the verdict as one opposed to the evidence. In fact, the verdict is in the very teeth of defendant's own written

admissions and of all the credible evidence. It can only be explained by the following instruction, which the court gave upon defendant's request:

"The court instructs the jury that, if they believe from the evidence that defendant ordered needles from plaintiff, and that plaintiff shipped defendant notions and failed to send defendant a bill of lading for same, that the defendant was under no obligation to receive them and had a right to return them to plaintiff, and the verdict of the jury should be for the defendant."

This instruction is erroneous, prejudicial and misleading. Notions, as a technical term applied to merchandise, means small ware or trifles. We see no reason why the term is not applicable to needles, which are certainly small ware. But whether the term was correctly used or not is under the evidence in this case wholly immaterial. This was the only dealing which the defendant had with the plaintiff. He knew the shipment came from the plaintiff, and presumably contained what he had ordered, and he could not return the merchandise without examination, simply because it was billed to him under a designation, which, in his opinion, was not properly applicable to it.

All the judges concurring, the judgment is reversed and the cause remanded.